UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICKY WAYNE EVERETT,<br><br>    Plaintiff,<br><br>v.<br><br>C/O HULBERT et al.<br><br>    Defendants. | CASE NO. C11-5775-RJB-JRC<br><br>REPORT AND RECOMMENDATION TO DISMISS PRIOR TO SERVICE<br><br>NOTED FOR: November 18, 2011 |

This 42 U.S.C. §1983 civil rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. The Court recommends dismissal of this action without prejudice because plaintiff is challenging the loss of 100 days of good time credits and specifically asks for restoration of lost good time in the complaint (ECF No. 1 proposed complaint). Thus, plaintiff is attempting to challenge the fact or length of his incarceration in a civil rights action.

If a petitioner is challenging the very fact or duration of physical imprisonment, and the relief sought will determine whether petitioner is or was entitled to immediate release or a speedier release from that imprisonment, petitioner's sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

REPORT AND RECOMMENDATION - 1

1    The United States Supreme Court held that "[e]ven a prisoner who has fully exhausted
available state remedies has no cause of action under § 1983 unless and until the conviction or
sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas
corpus." Heck v. Humphrey, 512 U.S. 477, 487 (1994). The Court added:

> Under our analysis the statute of limitations poses no difficulty while the state
> challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A]
> § 1983 cause of action for damages attributable to an unconstitutional conviction
> or sentence does not accrue until the conviction or sentence has been invalidated.

Id. at 489. "[T]he determination whether a challenge is properly brought under § 1983 must be made based upon whether 'the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment.' Id. If the court concludes that the challenge would necessarily imply the invalidity of the judgment or continuing confinement, then the challenge must be brought as a petition for a writ of habeas corpus, not under § 1983." Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir. 1997) (*quoting* Edwards v. Balisok, 520 U.S. 641 (1997)).

This defect cannot be cured by amendment. The Court recommends this action be dismissed without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of de novo review by the District Court Judge. See, 28 U.S.C. 636 (b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on November 18, 2011, as noted in the caption.

Dated this 7th day of October, 2011

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION - 2